# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ZEBADIAH E. BOWDEN,

        Plaintiff,

   -vs-

XENIA POLICE DEPARTMENT,
 et al.,

        Defendants.

Case No. 3:12-cv-028

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

# REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Sheriff Gene Fischer's Motion for Judgment on the Pleadings (Doc. No. 11). The Motion was filed and served on June 25, 2012. Therefore, under S. D. Ohio Civ. R. 7.2, Plaintiff's time to respond to the Motion expired July 19, 2012. S. D. Ohio Civ. R. 7.2(a)(2)[1]. However, no response has been filed. The same Rule provides that "Failure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees." However, Sheriff Fischer seeks dismissal with prejudice and the only thing preventing a final judgment, if the Motion were granted, would be the continuing pendency of claims against other Defendants. The Magistrate Judge therefore interprets the Rule to require a Report and Recommendations, particularly because a motion for judgment on the pleadings is classified by statute as dispositive.

**Legal Standard for Motions for Judgment on the Pleadings**

---

[1] The 21 day period in the Rule is extended to 24 days by operation of Fed. R. Civ. P. 6(d).

In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991), *citing Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51 (1941). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

*Twombly* overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief."

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 ( 2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced. Following *Iqbal*, district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. This requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 550 U.S. at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. 662, 678 (2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009).

**Application**

The Complaint in this case names as a Defendant, *inter alia*, "Sheriff Gene Fischer on behalf of the Greene County Sheriff's Office." (Complaint, Doc. No. 2, PageID 14-15.) As to Sheriff Fischer, it alleges that he is "the duly elected representative and de facto head of the Greene County Sheriff's Office" and "the Greene County Jail is under the exclusive control and authority of the Greene County Sheriff's Office." *Id.* at ¶¶ 6 & 7, PageID 15. The First Claim for Relief, made under 42 U.S.C. § 1983, alleges Xenia Police Officers, Defendants Dray and Zoerb, used unconstitutionally excessive force in arresting the Plaintiff, breaking his scaphoid bone. *Id.* at ¶¶ 13-19. The Second Claim for Relief, also under § 1983, alleges the Xenia Police Department was deliberately indifferent to Plaintiff's constitutional rights in its failing to train

Defendants Dray and Zoerb adequately. *Id*. at ¶¶ 20-23. The Third Claim for Relief, also under § 1983, asserts deliberate indifference to serious medical need by Defendants Dray and Zoerb, but also by "Xenia Police Department, City of Xenia, and/or Greene County Sheriff's Office." *Id*. at ¶¶ 25-33. The Fourth, Fifth, and Sixth Claims for Relief are supplemental state law claims which do not name Sheriff Fischer.

Based on these allegations, Defendant Fischer says the Complaint should be read as asserting or attempting to assert claims against him in his official capacity. The Court agrees. Nothing in the Complaint suggests that Plaintiff is seeking to hold Sheriff Fischer personally liable for his injuries; nothing in the Complaint suggests Sheriff Fischer had any personal involvement in the case.

Judgment against a public servant in his official capacity imposes liability on the entity he represents. *Brandon v. Holt*, 469 U.S. 464 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Defendant Fischer asserts without contradiction that, in this case, that would be Greene County because the Greene County Sheriff's Office is not *sui juris*. (Motion, Doc. No. 11, PageID 64, citing, *inter alia*, *Williams v. Dayton Police Dept.,* 680 F.Supp. 1075 (S.D.Ohio 1987)).

Before a governmental entity can be found to have violated a person's constitutional rights and be held liable under 42 U.S.C. § 1983, the person must plead and prove that the injury was inflicted by that entity's unconstitutional policy. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). To recover, a plaintiff must identify the policy, connect the policy to the political subdivision itself, and show that the particular injury was incurred because of the execution of that policy. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 405 (1997); *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993). There must be a direct causal link between the policy and the alleged constitutional violation such that

4

the governmental entity's deliberate conduct can be deemed the moving force behind the constitutional violation. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)(citing *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404 (1997)).

The Complaint makes no allegation whatsoever that the denial of medical care of which Plaintiff complains was in any way the result of a policy decision by the relevant policy-making authority of Greene County. Because respondeat superior liability is not recognized under § 1983, the absence of such an allegation is fatal to the Complaint. Because Plaintiff made no response to the Motion, it appears Plaintiff is not prepared to amend to make the requisite policy allegations.

Accordingly, it is respectfully recommended that Defendant Fischer's Motion for Judgment on the Pleadings be granted and that the Complaint herein be dismissed as to him with prejudice.

July 23, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).